**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PATRICK L. SHERMAN
ADC #96304                                                              PLAINTIFF

V.                                  5:09CV00382 BSM/JTR

HAZEL M. JACKSON, Records Officer,
Maximum Security Unit, et al.                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Patrick L. Sherman, who is a prisoner in the Tucker Maximum Security Unit of the Arkansas Department of Correction, has filed an Application to Proceed *In Forma Pauperis,* a *pro se*[1] § 1983 Complaint, "Supplemental Pleadings," and an Affidavit.  *See* docket entries #1, #2, #3 and #4.  For the following reasons, the Court recommends that the Application to Proceed *In Forma Pauperis* be denied, and that this case be dismissed, without prejudice.

## II. Discussion

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).   The statute further provides that a prisoner, who has accumulated three strikes, may nevertheless proceed *in forma pauperis* if he or she is "under imminent danger of serious physical injury" at the time the complaint is filed.   *Id.; Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff *admits* that he is a three-striker, as defined by § 1915(g), and that he does *not* fall under the imminent danger exception set forth in that statutory provision.   *See* docket entry #1 at 1. The Court agrees with Plaintiff's admissions.[2]

Nevertheless, Plaintiff argues that he should be allowed to proceed *in forma pauperis* because § 1915(g) violates his First Amendment right to access the courts and his Fourteenth Amendment rights to due process and equal protection of the laws.   *See* docket entry #3.   In *Higgins v Carpenter*, 258 F.3d 797 (8th Cir. 2001), *cert. denied*, 535 U.S. 1040 (2002), the Eighth Circuit squarely rejected each of these arguments and  found § 1915(g) to be constitutional.   This Court is bound by the *Higgins* ruling.

---

[2]  Plaintiff is a three-striker because he has at least three cases dismissed for failing to state a claim upon which relief is granted.  *See Sherman v. Rhodes,* 5:96CV00365 (dismissed on May 19, 1997); *Sherman v. Norris,* 5:97CV00405 (dismissed on August 3, 1998); *Sherman v. Correctional Med. Servs.*, 5:01CV00161 (dismissed on September 18, 2001).

In his Complaint, Plaintiff alleges that Defendants violated his First Amendment right to access the courts and his Fourteenth Amendment right to due process of law by improperly calculating his parole eligibility date and refusing to provide him with certain documents necessary to review their calculations.  *See* docket entry #1.  Clearly, these allegations do not satisfy the imminent danger exception to the three-strikes rule.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's  Application to Proceed *In Forma Pauperis* (docket entry #2) be DENIED.

2.      This case be DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition and the accompanying Judgment would not be taken in good faith.

Dated this 5th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE